1  Laurie M. Charrington (State Bar No. 229679)
   lmcharrington@jonesday.com
2  JONES DAY
   1755 Embarcadero Road
3  Palo Alto, CA 94303
   Telephone: (650) 739-3939
4  Facsimile: (650) 739-3900

5  Attorneys for Plaintiff
   THE ROYAL BANK OF SCOTLAND GROUP PLC

8           UNITED STATES DISTRICT COURT

9           EASTERN DISTRICT OF CALIFORNIA

11 **THE ROYAL BANK OF SCOTLAND GROUP PLC,**

         **Plaintiff,**

                                    Case No. _____

         v.
                                    **COMPLAINT**
   **R.B.S. GROUP, INC. D/B/A RBS GROUP, INC., BRETT REED, RONALD A. CUTLER AND STEVEN A. HENSHAW,**

         **Defendants.**

18    Plaintiff, The Royal Bank of Scotland Group plc, for its Complaint alleges as follows:

19                           **NATURE OF THE ACTION**

20    1.    This action is for infringement of a federally registered trademark in violation of Section 32 of the United States Trademark Act, 15 U.S.C. § 1114; for unfair competition and false designation of origin in violation of Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(a); for federal dilution in violation of Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(c); for cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); and for related claims of unfair competition and trademark dilution in violation of California statutory law; and trademark infringement and unfair competition under California common law.

COMPLAINT

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff, The Royal Bank of Scotland Group plc ("RBS"), is a public limited company organized and existing under the laws of the United Kingdom, with a registered office at 36 St Andrew Square, Edinburgh EH2 2YB, United Kingdom.

3. Upon information and belief, Defendant, R.B.S. Group, Inc. d/b/a RBS Group, Inc. ("RBS Group, Inc."), is a corporation organized and existing under the laws of the State of California, with its principal place of business at 9003 Davis Road, Stockton, California 95209.

4. Upon information and belief, Defendant, Brett Reed ("Reed"), is an individual residing at 9842 Northridge Way, Stockton, California 95209.

5. Upon information and belief, Defendant, Ronald A. Cutler ("Cutler"), is an individual residing at 3529 Oak Grove Circle, Stockton, California 95209.

6. Upon information and belief, Defendant, Steven A. Henshaw ("Henshaw"), is an individual residing at 3745 Brook Valley Circle, Stockton, California 95219.

7. This court has original jurisdiction over the federal Lanham Act claims of RBS pursuant to 15 U.S.C. §§ 1121 and 1125 and 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over the state law claims of RBS pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because RBS Group, Inc., Reed, Cutler and Henshaw (collectively, "Defendants") are subject to personal jurisdiction in this district and because a substantial part of the events giving rise to the claims at issue occurred in this district and because RBS is suffering from the effects of Defendants' unlawful activities in this district.

**FACTS COMMON TO ALL COUNTS**

**The RBS Trade Name and Trademarks**

9. RBS is one of the world's leading financial services providers and one of the oldest banks in the United Kingdom, if not the world. RBS and its predecessors date back to the sixteenth century through the amalgamation of more than 200 private and joint stock banks which comprise its past and present constituents. RBS itself was founded in Edinburgh, Scotland by Royal Charter from the British Crown in 1727.

10. RBS is the owner of the well-known RBS trade name and family of RBS trademarks used by RBS and its family of companies, including RBS Securities Inc. (formerly Greenwich Capital Markets, Inc.) and RBS WorldPay, Inc., for a wide variety of banking and financial services offered to customers in the United States, including in the State of California, and throughout the world. The RBS trade name and family of RBS trademarks are exceedingly well-known by consumers of banking and financial services, and due to the quality of RBS's services, RBS and its family of companies have a long-standing reputation for excellence.

11. RBS owns numerous registrations and pending trademark applications in the United States for marks comprised of or incorporating "RBS" for a wide range of banking and financial services. Examples of these marks include the following:

| | | |
|---|---|---|
| 1. | RBS | U.S. Reg. No. 3,185,538 |
| 2. | ✳ RBS | U.S. Reg. No. 3,198,052 |
| 3. | ✳ RBS (In Blue) | U.S. Reg. No. 3,529,700 |
| 4. | ✳ RBS  The Royal Bank of Scotland Group | U.S. Reg. No. 3,287,284 |

These registrations are valid and subsisting, and in full force and effect. RBS is the owner of these registrations and the trademarks shown therein and all of the business and goodwill connected therewith and symbolized thereby. True and correct copies of these registrations are attached hereto as Exhibit 1. The foregoing trademarks, together with the RBS trade name, are hereinafter referred to as the "RBS Marks." RBS also owns over 1,000 domain names comprised of or incorporating the name and mark RBS, including the domain name rbs.com.

12. As a result of the high quality of various financial services that RBS has provided to its customers for more than a century, and its reputation as a premier provider of financial services in the United States and throughout the world, the RBS Marks have become very valuable assets of RBS.

13. RBS and its affiliates, with offices in Los Angeles and San Francisco, have extensively advertised, marketed and promoted the RBS Marks in the United States, including in

the State of California, and throughout the world in connection with their banking and financial services through various means, including RBS's internet web site located at www.rbs.com, such that the RBS Marks have become widely known and recognized by the public and the trade. RBS has engaged in efforts to further promote its strong internationally recognized brand through, among other things, using Pete Sampras, Wayne Gretzky and Jack Nicklaus as RBS brand ambassadors and engaging in national advertising campaigns in print and on television.

14. As a result of RBS's substantial investment in developing and promoting the RBS brand, the RBS Marks have come to identify and distinguish RBS's services offered under the RBS Marks, and represent enormous goodwill of great value belonging exclusively to RBS.

### Defendants' Infringing Activities

15. Upon information and belief, with full knowledge of the RBS Marks, and the tremendously valuable goodwill that RBS has built over the years in California and throughout the United States, and long after the exclusive and continuous use of the RBS Marks by RBS and its affiliates, Defendants registered the domain names rbsdebt.com, rbsdebtsolution.com and rbsdebtsolutions.com and adopted and began to use (i) the domain names rbsdebt.com, rbsdebtsolution.com and rbsdebtsolutions.com, (ii) the trade name and trademark RBS, (ii) and the trade name and trademark RBS Group, Inc. (collectively, the "Accused Marks") in connection with providing financial services, including debt consolidation, loan restructuring and loan modification services, in the United States, including within the State of California and within this district.

16. Upon information and belief, with full knowledge of the RBS Marks, and the tremendously valuable goodwill that RBS has built over the years, and long after the exclusive and continuous use of the RBS Marks by RBS and its affiliates, Defendants, without the approval or consent of RBS, advertise, promote, offer for sale and solicit orders for their services under the Accused Marks in the United States, including within the State of California and within this district, including through their internet web sites located at www.rbsdebt.com, www.rbsdebtsolution.com, www.rbsdebtsolutions.com and www.modifyinfo.com.

17. On Defendants' web sites located at www.rbsdebt.com, www.rbsdebtsolution.com, www.rbsdebtsolutions.com and www.modifyinfo.com, Defendants display the name and mark RBS in the color blue above the name and mark RBS Group, Inc. Upon information and belief, Defendants' use of the color blue and the positioning of the letters "RBS" above "RBS Group, Inc." is an intentional act to misappropriate RBS's rights in its RBS Marks.

18. On July 24, 2009, RBS, through its attorneys, sent a letter to Defendants at their principal business address, demanding that Defendants cease their infringement, unfair competition, cybersquatting and dilution of the RBS Marks. A true and correct copy of this letter is attached hereto as Exhibit 2. On August 4, 2009, counsel for RBS received a message that Henshaw, the Secretary-Treasurer and Co-Founder of Defendant RBS Group, Inc., had called. Counsel for RBS subsequently tried to reach Henshaw by telephone during business hours on four separate occasions between August 4 and August 6, 2009, leaving a return phone number with a receptionist each time. To date, counsel for RBS has not received a return phone call or other response from Henshaw or any other representative on behalf of Defendants.

19. On August 17, 2009, RBS, through its attorneys, sent a letter to 1&1 Internet, Inc., the registrar for the domain names rbsdebt.com, rbsdebtsolution.com, rbsdebtsolutions.com and modifyinfo.com, requesting that access to the web sites associated with these domain names be disabled. A true and correct copy of this letter is attached as Exhibit 3.

20. Upon information and belief, despite having knowledge of RBS's rights in its RBS Marks, Defendants adopted and used the Accused Marks in connection with Defendants' services. Upon information and belief, Defendants' use of the Accused Marks was commenced and has continued in willful violation of RBS's rights.

21. Upon information and belief, Defendants' services are marketed and sold in the same channels of trade and to the same class of customers and end-users as the services of RBS.

22. Defendants' use and threatened continued use of the Accused Marks is likely to cause confusion, to cause mistake, and to deceive as to the source, origin or sponsorship of Defendants' services and to cause the public wrongly to associate RBS with Defendants and to believe that Defendants are somehow affiliated or connected with, or licensed, sponsored or

approved by RBS.

23. Defendants' use and threatened continued use of the Accused Marks is likely to cause RBS to lose the ability to control its reputation and image among the public.

24. Defendants' use and threatened continued use of the Accused Marks is likely to gain acceptance for Defendants' services by trading on the merit, reputation and goodwill built up by the extensive use, advertising, and marketing by RBS and its affiliates of services under the RBS Marks.

25. Upon information and belief, Defendants' use and threatened continued use of the Accused Marks has been with full knowledge of RBS's prior rights and with intent to confuse consumers and to benefit from the goodwill of RBS and RBS's services.

26. The use of the RBS Marks by RBS and its affiliates predates any use by Defendants of the Accused Marks in the State of California and throughout the United States.

27. RBS has never authorized Defendants to use its RBS Marks in any manner whatsoever.

28. Defendants' use and threatened continued use of the Accused Marks has been willful and in bad faith.

## COUNT I

### INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK
### (15 U.S.C. § 1114)

29. RBS realleges and incorporates by reference paragraphs 1 through 28 as though set forth in full herein.

30. Defendants' use of the Accused Marks on or in connection with directly competing or related services infringes the RBS Marks in violation of the Lanham Act, 15 U.S.C. § 1114.

31. Defendants' use of the Accused Marks creates a likelihood of confusion, mistake and/or deception as to the affiliation, connection, association, origin, sponsorship, approval, commercial activities, nature, characteristics and qualities of Defendants' services relative to RBS's services.

32. Because of Defendants' unlawful actions, RBS has suffered and continues to suffer irreparable harm including, but not limited to, detriment and diminution in value of the RBS Marks, for which there is no adequate remedy at law. Accordingly, RBS is entitled to an injunction against Defendants, pursuant to 15 U.S.C. § 1116.

33. RBS has also suffered and continues to suffer injury and is entitled to recover all damages sustained by Defendants' actions, all profits realized, and costs of suit, pursuant to 15 U.S.C. § 1117.

34. Given that Defendants' actions were willful, deliberate and fraudulent, RBS is entitled to treble damages and an award of reasonable attorney's fees against Defendants, pursuant to 15 U.S.C. § 1117.

## COUNT II

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

35. RBS realleges and incorporates by reference paragraphs 1 through 34 as though set forth in full herein.

36. Defendants' use of the Accused Marks constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a), in that the public will be confused, mistaken and/or deceived as to the origin, nature, quality and characteristics of Defendants' services relative to RBS's services.

37. Because of Defendants' unlawful actions, RBS has suffered and continues to suffer irreparable harm including, but not limited to, detriment and diminution in value of the RBS Marks, for which there is no adequate remedy at law. Accordingly, RBS is entitled to an injunction against Defendants.

38. RBS also has suffered and continues to suffer injury and is entitled to recover all damages sustained by Defendants' actions, all profits realized, and costs of suit.

39. Defendants' actions have been willful, deliberate and fraudulent, and therefore RBS is entitled to treble damages and an award of reasonable attorney's fees against Defendants.

## COUNT III

### FEDERAL DILUTION
### (15 U.S.C. § 1125(c))

40. RBS realleges and incorporates by reference paragraphs 1 through 39 as though set forth in full herein.

41. The RBS Marks are famous, distinctive and well known in the United States in connection with banking and financial services.

42. Defendants' adoption and use of the Accused Marks commenced long after the RBS Marks had become famous.

43. Defendants' aforesaid acts constitute willful and intentional dilution of the distinctive quality of, and tremendous goodwill associated with, the RBS Marks in violation of Section 43(c) of the United States Trademark Act, 15 U.S.C. § 1125(c).

44. Defendants' aforesaid acts have resulted in actual dilution of the famous RBS Marks.

45. Because of Defendants' unlawful actions, RBS has suffered and continues to suffer irreparable harm including, but not limited to, detriment and diminution in value, effectiveness and quality of the RBS Marks, for which there is no adequate remedy at law. Accordingly, RBS is entitled to an injunction against Defendants.

46. RBS also has suffered and continues to suffer injury and damages and is entitled to recover all damages sustained by Defendants' actions, all profits realized, and costs of suit.

47. Given that Defendants' actions were willful, deliberate and fraudulent, RBS is entitled to treble damages and an award of reasonable attorney's fees against Defendants.

## COUNT IV

### VIOLATION OF THE ANTI-CYBERSQUATTING ACT
### (15 U.S.C. § 1125(d))

48. RBS realleges and incorporates by reference paragraphs 1 through 47 as though set forth in full herein.

49. Upon information and belief, Defendants registered and are using the internet domain names rbsdebt.com, rbsdebtsolution.com and rbsdebtsolutions.com knowingly, willfully and in complete disregard of RBS's exclusive rights to use the RBS Marks with respect to banking and financial services.

50. The RBS Marks were distinctive and famous at the time of Defendants' registration and use of the domain names rbsdebt.com, rbsdebtsolution.com and rbsdebtsolutions.com.

51. The domain names rbsdebt.com, rbsdebtsolution.com and rbsdebtsolutions.com are confusingly similar to and dilutive of the RBS Marks.

52. Upon information and belief, Defendants registered and are using the domain names rbsdebt.com, rbsdebtsolution.com and rbsdebtsolutions.com with the intent to divert customers from RBS to Defendants.

53. Upon information and belief, Defendants registered and are using the domain names rbsdebt.com, rbsdebtsolution.com and rbsdebtsolutions.com with the intent to create a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the financial services promoted on Defendants' web sites and those offered by RBS.

54. Defendants' registration and use of the domain names rbsdebt.com, rbsdebtsolution.com and rbsdebtsolutions.com constitutes a bad faith intent to profit from RBS's registered RBS Marks under the federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

55. Because of Defendants' unlawful actions, RBS has suffered and continues to suffer irreparable harm including, but not limited to, detriment and diminution in value, effectiveness and quality of the RBS Marks, for which there is no adequate remedy at law. Accordingly, RBS is entitled to an injunction against Defendants.

56. RBS also has suffered and continues to suffer injury and damages and is entitled to recover all damages sustained by Defendants' actions, all profits realized, and costs of suit.

57. Given that Defendants' actions were willful, deliberate and fraudulent, RBS is entitled to treble damages and an award of reasonable attorney's fees against Defendants.

## COUNT V

**CALIFORNIA STATUTORY UNFAIR COMPETITION**
**(Cal. Bus. & Prof. Code § 17200, *et seq.*)**

58. RBS realleges and incorporates by reference paragraphs 1 through 57 as though set forth in full herein.

59. Defendants' aforesaid acts constitute unfair competition and unlawful, unfair and fraudulent business acts and practices in violation of California Business and Professions Code § 17200, *et seq*.

60. Because of Defendants' unlawful actions, RBS has suffered and continues to suffer irreparable harm including, but not limited to, detriment and diminution in value of the RBS Marks, for which there is no adequate remedy at law. Accordingly, RBS is entitled to a preliminary and permanent injunction against Defendants, pursuant to California Business and Professions Code § 17203, disgorgement of profits, restitution and other appropriate relief.

61. RBS has also suffered and continues to suffer injury and is entitled to recover damages in an amount according to proof.

62. Defendants knew or had reason to know of the long-standing and widely recognized use of the RBS Marks by RBS and its affiliates, and deliberately infringed upon these marks. Given that Defendants' actions were willful, deliberate and fraudulent, RBS is entitled to punitive damages against Defendants, pursuant to California Civil Code § 3294.

## COUNT VI

**CALIFORNIA TRADEMARK DILUTION**
**(Cal. Bus. & Prof. Code § 14247)**

63. RBS realleges and incorporates by reference paragraphs 1 through 62 as though set forth in full herein.

64. The RBS Marks are distinctive and famous marks. RBS and its affiliates enjoy a reputation in California and throughout the United States and the world for excellence and quality in banking and financial services offered under the RBS Marks, and the RBS Marks are widely recognized by the general consuming public of California as a designation of source of such

1   services.

2   65.  Defendants began using the Accused Marks in connection with their services after
3   the RBS Marks became famous.

4   66.  Defendants' aforesaid acts are likely to injure the business reputation of RBS and
5   dilute the distinctive value of the RBS Marks in violation of Section 14247 of the California
6   Business and Professions Code.

7   67.  RBS has no adequate remedy at law.  Injury to RBS and dilution of the RBS
8   Marks will continue, all to RBS's irreparable harm, unless Defendants are enjoined by this Court.

## COUNT VII

## COMMON LAW TRADEMARK INFRINGEMENT

68.  RBS realleges and incorporates by reference paragraphs 1 through 67 as though set forth in full herein.

69.  The use of the RBS Marks by RBS and its affiliates predates any alleged use by Defendants of the Accused Marks in the State of California and throughout the United States.

70.  Defendants' use of the Accused Marks to sell financial services, including services that may be directly competitive with RBS's services, including debt consolidation, loan restructuring and loan modification services, is likely to deceive and cause confusion and mistake among customers as to the source of origin of the services offered for sale by Defendants and the sponsorship or endorsement of those services by RBS.

71.  RBS has never authorized, licensed or otherwise condoned or consented to Defendants' use of the Accused Marks.

72.  Despite the fact that Defendants have had actual notice and knowledge of RBS's rights to the RBS Marks, Defendants have used the Accused Marks in complete disregard of RBS's rights.

73.  Defendants have misappropriated RBS's substantial intellectual property rights as well as the goodwill associated therewith.

74.  Because of Defendants' unlawful actions, RBS has suffered and continues to suffer irreparable harm including, but not limited to, detriment and diminution in value of the

1  RBS Marks, for which there is no adequate remedy at law. Accordingly, RBS is entitled to a
2  preliminary and permanent injunction against Defendants.

3  75.  RBS has also suffered and continues to suffer injury and is entitled to recover
4  damages in an amount according to proof.

5  76.  Defendants knew or had reason to know of the long-standing and widely
6  recognized use of the RBS Marks by RBS and its affiliates, and deliberately infringed upon these
7  marks. Given that Defendants' actions were willful, deliberate and fraudulent, RBS is entitled to
8  punitive damages against Defendants, pursuant to California Civil Code § 3294.

## COUNT VIII

## COMMON LAW UNFAIR COMPETITION

77.  RBS realleges and incorporates by reference paragraphs 1 through 76 as though set forth in full herein.

78.  Defendants' aforesaid acts constitute unfair competition in violation of the common law of the State of California.

79.  Because of Defendants' unlawful actions, RBS has suffered and continues to suffer irreparable harm including, but not limited to, detriment and diminution in value of the RBS Marks, for which there is no adequate remedy at law. Accordingly, RBS is entitled to a preliminary and permanent injunction against Defendants.

80.  RBS has also suffered and continues to suffer injury and is entitled to recover damages in an amount according to proof.

81.  Defendants knew or had reason to know of the long-standing and widely recognized use of the RBS Marks by RBS and its affiliates, and deliberately infringed upon these marks. Given that Defendants' actions were willful, deliberate and fraudulent, RBS is entitled to punitive damages against Defendants, pursuant to California Civil Code § 3294.

## PRAYER FOR RELIEF

WHEREFORE, RBS prays that this Court enter an Order:

A.  Preliminarily and permanently enjoining the Defendants, or anyone else acting in concert with the Defendants, or on their behalf, from:

1. Using or registering the RBS Marks or any reproduction or colorable imitation of the RBS Marks, or any mark or name confusingly similar thereto;

2. Using or registering the trade names R.B.S. Group, Inc. or RBS Group, Inc. or any other similar trade names;

3. Using or registering the internet domain names rbsdebt.com, rbsdebtsolution.com and rbsdebtsolutions.com or any other similar domain names;

4. Using or registering any mark, trade name, internet domain name or other designation in any way that is dilutive of the RBS Marks or that suggests or tends to suggest to the public that Defendants are, in any manner, directly or indirectly, affiliated, connected or associated with RBS or that Defendants' services or commercial activities originate from or are sponsored or approved by RBS;

5. Engaging in any other conduct that is dilutive of the RBS Marks or that suggests or tends to suggest to the public that Defendants are, in any manner, directly or indirectly affiliated, connected or associated with RBS or that Defendants' services or commercial activities originate from or are sponsored or approved by RBS;

B. Requiring that the internet domain names rbsdebt.com, rbsdebtsolution.com and rbsdebtsolutions.com and any similar domain names be transferred to RBS as provided for in 15 U.S.C. § 1125(d)(1)(C);

C. Requiring Defendants to amend the records on file with the California Secretary of State and any other relevant agency to delete any reference to R.B.S. Group, Inc.;

D. Requiring Defendants to file with the Court and serve upon RBS's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which they have complied with the judgment.

1  E. Requiring Defendants to account to RBS for all their profits in connection with
2  any and all commercial activity relating to their use of the Accused Marks;
3  F. Awarding to RBS the damages it sustained as a result of Defendants' wrongful
4  acts;
5  G. Awarding to RBS Defendants' profits pursuant to 15 U.S.C. § 1117;
6  H. Awarding to RBS treble damages pursuant to 15 U.S.C. § 1117;
7  I. Awarding to RBS its costs and attorney's fees pursuant to 15 U.S.C. § 1117;
8  J. Awarding to RBS punitive damages as a result of Defendants' wrongful acts; and
9  K. Granting RBS any further relief that the Court deems to be just and proper.

Dated: August 18, 2009                    Respectfully submitted,

By: /s/ Laurie M. Charrington
Laurie M. Charrington (State Bar No. 229679)
lmcharrington@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900

Attorneys for Plaintiff
THE ROYAL BANK OF SCOTLAND
GROUP PLC

NYI-4209338v1

- 14 -

COMPLAINT