Laurie M. Charrington (State Bar No. 229679)
lmcharrington@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile:  (650) 739-3900

Attorneys for Plaintiff
THE ROYAL BANK OF SCOTLAND GROUP PLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE ROYAL BANK OF SCOTLAND GROUP PLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**R.B.S. GROUP, INC. D/B/A RBS GROUP, INC., BRETT REED, RONALD A. CUTLER AND STEVEN A. HENSHAW,**<br><br>**Defendants.** | Case No. 2:09-CV-02281-JAM-GGH<br><br>**CONSENT DECREE** |

The parties have agreed to the entry of this Consent Decree:

1.      Plaintiff, The Royal Bank of Scotland Group plc ("RBS"), is a public limited company organized and existing under the laws of the United Kingdom, with a registered office at 36 St Andrew Square, Edinburgh EH2 2YB, United Kingdom.

2.      Defendant, R.B.S. Group, Inc. d/b/a RBS Group, Inc. ("RBS Group, Inc."), is a corporation organized and existing under the laws of the State of California, with its principal place of business at 9003 Davis Road, Stockton, California 95209.

3.      Defendant, Brett Reed ("Reed"), is an individual residing at 8745 Crosby Court, Valley Springs, California 95252.

4.      Defendant, Ronald A. Cutler ("Cutler"), is an individual residing at 3529 Oak Grove Circle, Stockton, California 95209.

PDF created with pdfFactory trial version www.pdffactory.com

5. Defendant, Steven A. Henshaw ("Henshaw"), is an individual residing at 3745 Brook Valley Circle, Stockton, California 95219.

6. This action is for infringement of a federally registered trademark in violation of Section 32 of the United States Trademark Act, 15 U.S.C. § 1114; for unfair competition and false designation of origin in violation of Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(a); for federal dilution in violation of Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(c); for cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); and for related claims of unfair competition and trademark dilution in violation of California statutory law; and trademark infringement and unfair competition under California common law.

7. This court has original jurisdiction over the federal Lanham Act claims of RBS pursuant to 15 U.S.C. §§ 1121 and 1125 and 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over the state law claims of RBS pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because RBS Group, Inc., Reed, Cutler and Henshaw (collectively, "Defendants") are subject to personal jurisdiction in this district and because a substantial part of the events giving rise to the claims at issue occurred in this district and because RBS is suffering from the effects of Defendants' activities in this district.

9. RBS is the owner of the well-known RBS trade name and family of RBS trademarks used by RBS and its family of companies for a wide variety of banking and financial services offered to customers in the United States, including in the State of California, and throughout the world. The RBS trade name and family of RBS trademarks are exceedingly well-known by consumers of banking and financial services, and due to the quality of RBS's services, RBS and its family of companies have a long-standing reputation for excellence.

10. RBS owns numerous registrations and pending trademark applications in the United States for marks comprised of or incorporating "RBS" for a wide range of banking and financial services. Examples of these marks include the following:

|   |   |   |   |
|---|---|---|---|
| 1. | RBS | | U.S. Reg. No. 3,185,538 |
| 2. | ※ RBS | | U.S. Reg. No. 3,198,052 |
| 3. | ※ RBS | (In Blue) | U.S. Reg. No. 3,529,700 |
| 4. | ※ RBS | | U.S. Reg. No. 3,287,284 |

These registrations are valid and subsisting, and in full force and effect. RBS is the owner of these registrations and the trademarks shown therein and all of the business and goodwill connected therewith and symbolized thereby. The foregoing trademarks, together with the RBS trade name, are hereinafter referred to as the "RBS Marks." RBS also owns over 1,000 domain names comprised of or incorporating the name and mark RBS, including the domain name rbs.com.

11. Long after the exclusive and continuous use of the RBS Marks by RBS and its affiliates, and without the approval or consent of RBS, Defendants registered the domain names rbsdebt.com, rbsdebt.net, rbsdebtsolution.com, rbsdebtsolution.net, rbsdebtsolutions.com and rbsdebtsolutions.net and adopted and began to use (i) the domain names rbsdebt.com, rbsdebt.net, rbsdebtsolution.com, rbsdebtsolution.net, rbsdebtsolutions.com and rbsdebtsolutions.net, (ii) the trade names and trademarks RBS and RBS Group, Inc., and (iii) the corporate name R.B.S. Group, Inc. in connection with providing financial services, including debt consolidation, loan restructuring and loan modification services, in the United States, including within the State of California and within this district.

12. On August 18, 2009, RBS commenced this action against Defendants asserting eight claims, namely, federal claims for trademark infringement, unfair competition and false designation of origin, dilution and cybersquatting and related claims for unfair competition and trademark dilution in violation of California statutory law and trademark infringement and unfair competition under California common law.

13. The parties hereto wish to resolve the dispute existing between them as embodied in the civil action and have stipulated to the entry of this Consent Decree.

PDF created with pdfFactory trial version www.pdffactory.com

**ORDER**

A.  Defendants, together with their respective officers, agents, servants, employees, attorneys and successors and assigns, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, are hereby permanently enjoined and restrained from:

1. Using or registering the RBS Marks or any reproduction or colorable imitation of the RBS Marks, or any mark or name confusingly similar thereto;

2. Using or registering the trademarks and trade names RBS and RBS Group, Inc. or any other similar trademarks or trade names;

3. Using or registering the corporate name R.B.S. Group, Inc. or any other similar corporate names;

4. Using or registering the domain names rbsdebt.com, rbsdebt.net, rbsdebtsolution.com, rbsdebtsolution.net, rbsdebtsolutions.com and rbsdebtsolutions.net or any other similar domain names;

5. Using or registering any mark, trade name, domain name or other designation in any way that is dilutive of the RBS Marks or that suggests or tends to suggest to the public that Defendants are, in any manner, directly or indirectly, affiliated, connected or associated with RBS or that Defendants' services or commercial activities originate from or are sponsored or approved by RBS; and

6. Engaging in any other conduct that is dilutive of the RBS Marks or that suggests or tends to suggest to the public that Defendants are, in any manner, directly or indirectly affiliated, connected or associated with RBS or that Defendants' services or commercial activities originate from or are sponsored or approved by RBS.

B.  Prior to the parties' execution of this Consent Decree, Defendants shall request cancellation of the domain names rbsdebt.com, rbsdebt.net, rbsdebtsolution.com,

PDF created with pdfFactory trial version www.pdffactory.com

rbsdebtsolution.net, rbsdebtsolutions.com and rbsdebtsolutions.net and any other similar domain names owned or controlled by Defendants.

C. Prior to the parties' execution of this Consent Decree, Defendants shall file with the California Secretary of State the necessary documents to effect the change of their company name from R.B.S. Group, Inc. to a name that is not comprised of and does not incorporate "RBS". Within ten (10) days after the California Secretary of State completes such name change, Defendants shall file with the California Department of Real Estate and any other relevant agencies the necessary documents to effect the change of their company name from R.B.S. Group, Inc. to a name that is not comprised of and does not incorporate "RBS".

D. Defendants shall file with the Court and serve upon RBS's counsel within forty-five (45) days after the Court's entry of this Consent Decree a report in writing under oath, setting forth in detail the manner and form in which they have complied with this Consent Decree.

E. Entry of this Consent Decree shall effect a full and final resolution of this action.

F. The Court shall retain continuing jurisdiction over this matter and over Defendants and any disputes hereunder in order to enforce any part of this Consent Decree.

G. All terms, provisions and obligations set forth in the parties' Settlement Agreement, which the parties have executed simultaneously herewith, are incorporated fully herein as part of this Consent Decree and shall be binding as a resolution of the controversy between RBS and Defendants.

Date: _____, 2009        THE ROYAL BANK OF SCOTLAND
                                   GROUP PLC

                                   By: _____
                                   Laurie M. Charrington (State Bar No. 229679)
                                   lmcharrington@jonesday.com
                                   JONES DAY
                                   1755 Embarcadero Road
                                   Palo Alto, CA 94303
                                   Telephone: (650) 739-3939
                                   Facsimile: (650) 739-3900

                                   Attorneys for Plaintiff

PDF created with pdfFactory trial version www.pdffactory.com

|    |                          |                                                    |
|----|--------------------------|----------------------------------------------------|
| 1  |                          | R.B.S. GROUP, INC.                                 |
| 2  |                          | D/B/A RBS GROUP, INC.                              |
|    | Date: _____, 2009    |                                                    |
| 3  |                          | By: _____                      |
| 4  |                          | Name: _____                      |
| 5  |                          | Title: _____                     |

Date: _____, 2009    By: _____

BRETT REED

Date: _____, 2009    By: _____

RONALD A. CUTLER

Date: _____, 2009    By: _____

STEVEN A. HENSHAW

Date: _____, 2009    By: _____

IT IS SO ORDERED:

Dated: December 17, 2009              /s/ John A. Mendez
                                      United States District Judge
                                      John A. Mendez

CONSENT DECREE
Case No. 2:09-CV-02281-JAM-GGH

- 6 -

PDF created with pdfFactory trial version www.pdffactory.com